# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATAIN SPECIALTY INSURANCE COMPANY** | **CIVIL ACTION** |
| | **NO: 19-9230** |
| **VERSUS** | |
| | **SECTION: T (4)** |
| **PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE** | |

## ORDER

Before the Court is a Motion for Summary Judgment[1] filed by Atain Specialty Insurance Company ("Plaintiff") and a Motion for Summary Judgment[2] by Privilege Underwriters Reciprocal Exchange ("Defendant"). For the following reasons, the Motion for Summary Judgment[3] filed by Atain Specialty Insurance Company is **DENIED,** and the Motion for Summary Judgment[4] by Privilege Underwriters Reciprocal Exchange is **GRANTED.**

## BACKGROUND

This matter arises out of Plaintiff's complaint seeking a judgment declaring that Defendant has a duty to defend Tammy Cox and Duncan Cox in relation to claims asserted by Linda Goldman in the action entitled *Linda Goldman vs. As You Like It Silver Shop, Inc., AYLISS, LLC, C. Duncan Cox, Tammy Cox and ABC Insurance Company*, United States District Court, Eastern District of Louisiana, Civil Action No. 2:18-cv-06802 ("Goldman lawsuit"), and to indemnify Plaintiff for the attorney fees, costs and expenses it incurred in defending Tammy Cox and Duncan Cox, in the underlying action.[5] On July 19, 2018, Linda Goldman ("Goldman") filed a complaint setting forth

---

[1] R. Doc. 25.
[2] R. Doc. 35.
[3] R. Doc. 25.
[4] R. Doc. 35.
[5] R. Doc. 1.

a claim of defamation against the Coxes.[6] Goldman alleged she visited As You Like It/AYLISS shop ("AYLISS") which employed Tammy Cox and was owned by C. Duncan Cox. As Goldman was leaving the shop, the Coxes allegedly accused her of stealing store merchandise and later falsely reported there was a surveillance video of Goldman concealing Christmas ornaments worth thousands of dollars in her purse. Goldman further alleged Tammy Cox maliciously published the false criminal allegations online. Goldman claimed the Coxes were liable to her for defamation in connection with their publishing various false reports accusing Goldman of criminal conduct.

The Coxes submitted a claim to Defendant requesting coverage for the Goldman lawsuit under the High Value Homeowner's Policy HO044393904 ("Defendant's Policy"). Defendant denied coverage for the claim pursuant to the business exclusion in Defendant's Policy because Goldman's allegations arose out of the Coxes' business operation. Plaintiff provided coverage for the Coxes' claim under Atain CGL Policy CIP319975 ("Plaintiff's Policy").

On April 10, 2019, Plaintiff filed a Complaint for Declaratory Judgment seeking a judicial declaration that Defendant "has a duty to defend their insureds, Tammy Cox and Duncan Cox" in relation to the Goldman lawsuit and to indemnify Plaintiff for attorneys' fees, costs and expenses incurred in defending the Coxes.[7] Plaintiff further requests a judicial declaration that Plaintiff's Policy was an excess policy over Defendant's Policy for the Goldman claim. On September 11, 2019, Plaintiff filed a Supplemental and Amended Complaint for Declaratory Judgment after settling the Goldman lawsuit seeking a declaration that Defendant is obligated to indemnify Plaintiff for the settlement funds.[8]

---

[6] R. Doc. 25-3.
[7] R. Doc. 1.
[8] R. Doc. 21.

2

Plaintiff has now moved for summary judgment contending the undisputed facts show that Defendant owed the Coxes a duty to defend and that Defendant owes Plaintiff indemnity for Plaintiff's defense and settlement of the Goldman lawsuit on behalf of the Coxes.[9] Defendant has also moved for summary judgment asserting Defendant had no duty to defend the Coxes in the Goldman lawsuit and owes no indemnification to Plaintiff.[10]

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[12] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[13] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[14] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[15]

Under Louisiana law, an insurance policy is a contract that must be construed using the general rules of contract interpretation set forth in the Civil Code.[16] The Court's role in interpreting

---

[9] R. Doc. 25.
[10] R. Doc. 35.
[11] Fed. R. Civ. P. 56(a).
[12] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[13] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[14] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[15] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[16] *See Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003).

contracts is to determine the common intent of the parties.[17] In determining common intent, pursuant to Civil Code article 2047, words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning.[18] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent,"[19] and the agreement must be enforced as written.[20]

An insurer's duties of defense and indemnity are separate and distinct obligations.[21] An "insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage."[22] Thus, in evaluating an insurer's duty to defend, a court examines only "'the plaintiff's pleadings and the face of the policy, without consideration of extraneous evidence.'"[23] By way of contrast, in examining the duty to indemnify, a court "must apply the Policy to the actual evidence adduced at the underlying liability trial together with any evidence introduced in the coverage case."[24]

Defendant contends it had no duty to defend the Coxes because there is no coverage under Defendant's Policy for Goldman's defamation claim. Defendant asserts that the claim is expressly excluded under the business exclusion, which excludes coverage for:

---

[17] La. Civ. Code art. 2045.
[18] *See Henry v. South Louisiana Sugars Co-op., Inc.*, 957 So.2d 1275, 1277 (La. 2007)(*citing Cadwallader*, 848 So.2d at 580).
[19] La. Civ. Code art. 2046.
[20] *Hebert v. Webre,* 982 So.2d 770, 773–74 (La. 2008).
[21] *Martco Ltd. P'ship v. Wellons, Inc*., 588 F.3d 864, 872 (5th Cir. 2009) (*citing Elliott v. Cont'l Cas. Co.*, 949 So.2d 1247, 1250 (La. 2007)).
[22] *Meloy v. Conoco, Inc*., 504 So.2d 833, 838 (La. 1987).
[23] *La. Stadium & Exposition Dist. v. BFS Diversified Prod., LLC,* 2010-0587 (La.App. 4 Cir. 9/15/10), 49 So.3d 49, 51, *writ denied*, 2010-2278 (La. 11/24/10), 50 So.3d 831.
[24] *Martco*, 588 F.3d at 877.

> Personal injury or property damage arising out of or in connection with an insured's business property or business pursuits. However, this exclusion does not apply to: Incidental business property or incidental business pursuits.[25]

Defendant also notes the insured location under Defendant's Policy is Mr. Cox's residence located at 6027 Hurst Street, New Orleans, Louisiana,[26] but AYLISS's business address is 3033 Magazine Street, New Orleans, Louisiana. Defendant asserts that the business exclusion specifically excludes coverage for any personal injury, including Goldman's defamation claim, arising in connection with the insured's business pursuits.

Plaintiff asserts that the exclusion is inapplicable because Goldman alleged that the Coxes' actions were not business pursuits, but rather, were made out of personal motives.[27] Specifically, Plaintiff points to Goldman's allegations that the Coxes have "both provided several different, demonstrably false and malicious stories about the purported theft, which were inconsistent with the surveillance video, with their reports, and with one another."[28]

After reviewing Goldman's complaint, the Court finds that Goldman's claim arises in connection with the Coxes' business pursuits, and is, therefore, excluded under the Defendant's Policy. Goldman's defamation claim is based on her experience in the Coxes' store. Goldman's complaint alleges she was accused of stealing merchandise from the Coxes' business when she was a customer at AYLISS.[29] Goldman's conclusion that the Coxes' actions were performed for their "personal benefit" does not change that Goldman's claim arises in connection with the Coxes' business. Therefore, Defendant had no duty to defend the Coxes because there is no coverage under Defendant's Policy for Goldman's defamation claim.

---

[25] R. Doc. 35-8.
[26] R. Doc. 35-8.
[27] R. Doc. 25-1.
[28] R. Doc. 25-1, p.8.
[29] R. Doc. 25-3.

Plaintiff also seeks a judgment declaring Plaintiff is entitled to indemnity for all amounts paid in settlement to Goldman. Defendant contends Plaintiff is not entitled to indemnity for the same reasons it had no duty to defend. Because there is no additional evidence before the Court that would change the determination of coverage, the Court concludes that Defendant has no duty to indemnify for the same reasons the Court concluded that Defendant had no duty to defend.

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment[30] filed by Atain Specialty Insurance Company is **DENIED,** and the Motion for Summary Judgment[31] by Privilege Underwriters Reciprocal Exchange is **GRANTED.**

**New Orleans, Louisiana**, on this 11th day of February, 2020.

*[signature]*
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[30] R. Doc. 25.
[31] R. Doc. 35.